1  BILAL A. ESSAYLI
   United States Attorney
2  CHRISTINA T. SHAY
   Assistant United States Attorney
3  Chief, Criminal Division
   KATHY YU (Cal. Bar No. 268210)
4  KEVIN B. REIDY (Cal. Bar No. 320583)
   Assistant United States Attorneys
5       1100/1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-2431/8536
7       Facsimile: (213) 894-0141
        E-mail:    kathy.yu@usdoj.gov
8                  kevin.reidy@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11                  UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. CR 22-00340(B)-AB

14           Plaintiff,                JOINT PROPOSED JURY INSTRUCTIONS

15              v.

16  DANIEL NAVARRO,

17           Defendant.

18

19      Plaintiff, United States of America, by and through its counsel

20  of record, the United States Attorney for the Central District of

21  California and Assistant United States Attorneys Kathy Yu and Kevin

22  B. Reidy, and defendant DANIEL NAVARRO, by and through his attorneys

23  of record, Edward M. Robinson and Brian A. Robinson, hereby submit

24  Joint Proposed Jury Instructions.

25      All references to the Indictment refer to the operative Second

26  Superseding Indictment.

27      The parties respectfully request leave to make modifications or

28  to submit such other and additional instructions as may become

                                  1

appropriate.  The parties also reserve the right to request additional instructions as may become appropriate during the course of trial.


Dated: July 23, 2025            Respectfully submitted,

                                BILAL A. ESSAYLI
                                United States Attorney

                                CHRISTINA T. SHAY
                                Assistant United States Attorney
                                Chief, Criminal Division


                                /s/_____
                                KATHY YU
                                KEVIN B. REIDY
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA


                                /s/ per email authorization dated July 23, 2025
                                EDWARD M. ROBINSON
                                BRIAN A. ROBINSON

                                Attorneys for Defendant
                                DANIEL NAVARRO

**INDEX OF JURY INSTRUCTIONS**

| NO. | COURT NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|---|
| **Preliminary Instructions** | | | | |
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 | 1 |
| 2 | | The Charge – Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 | 2 |
| 3 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 | 4 |
| 4 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 | 5 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 | 6 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 | 7 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 | 8 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 | 9 |
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 | 12 |
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 | 13 |
| 11 | | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 | 14 |
| 12 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 | 15 |
| **Instructions During Trial** | | | | |
| 13 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 | 17 |

i

| NO. | COURT NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|---|
| 14 | | Stipulations of Fact | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 | 19 |
| 15 | | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 | 20 |
| 16 | | Other Crimes, Wrongs, or Acts of Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 2.10 | 21 |
| **Instructions at the End of Trial** | | | | |
| 17 | | Duties of Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 | 24 |
| 18 | | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 | 25 |
| 19A | | Defendant's Decision Not to Testify **(If Applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 6.3 | 26 |
| 19B | | Defendant's Decision to Testify **(If Applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 6.4 | 26 |
| 20 | | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 | 27 |
| 21 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 | 28 |
| 22 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 | 29 |
| 23 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 | 30 |
| 24 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 | 31 |

| NO. | COURT NO. | TITLE | SOURCE | PAGE |
|-----|-----------|-------|--------|------|
| 25 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 | 33 |
| 26 | | Separate Consideration of Multiple Counts—Single Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 6.11 | 34 |
| 27 | | On or About-- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 | 35 |
| 28 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 | 36 |
| 29 | | Testimony of Witnesses Involving Special Circumstances— Immunity, Benefits, Accomplice Plea **(If Applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 | 37 |
| 30 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 | 38 |
| 31 | | Charts and Summaries Not Admitted Into Evidence **(If Applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 | 39 |
| 32 | | Charts and Summaries Admitted Into Evidence **(If Applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 | 40 |
| 33 | DISPUTED | Sexual Exploitation of a Child | Ninth Circuit Model Criminal Jury Instructions, No. 20.18 | 41 |

| NO. | COURT NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|---|
| 34 | | Using or Attempting to Use the Mail or a Means of Commerce to Persuade or Coerce a Minor to Engage in Prostitution or Sexual Activity | Ninth Circuit Model Criminal Jury Instructions, No. 20.29; 18 U.S.C. § 2251(a), Cal. Penal Code §§ 261.5(d), 288(c)(1) | 42 |
| 35 | DISPUTED | Transportation of Minor for Prostitution or Criminal Sexual Activity | Ninth Circuit Model Criminal Jury Instructions, No. 20.30 | 44 |
| 36 | | Sexual Exploitation of Children—Receiving or Distributing Child Pornography (Visual Depiction of Actual Minor) | Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.85D; Ninth Circuit Model Criminal Jury Instructions, No. 20.23. | 45 |
| 37 | | Sexual Exploitation of Children—Transporting or Shipping of Child Pornography (Visual Depiction of Actual Minor) | Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.85C; Ninth Circuit Model Criminal Jury Instructions, No. 20.23 | 47 |
| 38 | DISPUTED | Aiding and Abetting (18 U.S.C. § 2(a)) **(If Applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 | 49 |
| 39 | | Aiding and Abetting (18 U.S.C. § 2(b)) **(If Applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 4.2 | 50 |
| 40 | | Knowingly | Ninth Circuit Model Criminal Jury Instructions, No. 4.8 | 51 |
| 41 | | Proof of knowledge or intent | 1A Fed. Jury Prac. & Instr. § 17:07 (7th ed.) | 52 |

iv

| NO. | COURT NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|---|
| 42 | | Minor Willingness to Engage in Sexual Activity Not a Defense | United States v. Dhingra, 371 F.3d 557, 567 (9th Cir. 2004); United States v. Rashkovski, 301 F.3d 1133, 1137 (9th Cir. 2002) | 53 |
| 43 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 | 54 |
| 44 | | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 | 56 |
| 45 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 | 58 |
| 46 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 | 59 |
| 47 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 | 60 |
| 48 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 | 61 |

COURT'S INSTRUCTION NO. _

JOINT PROPOSED INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.)
[Duty of Jury]

1

COURT'S INSTRUCTION NO.  _

JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government.  The government charges the defendant with the following:

- two counts of Sexual Exploitation of a Child for the Purpose of Producing a Sexually Explicit Visual Depiction, in violation of 18 U.S.C. § 2251(a);

- one count of Attempted Enticement of a Minor to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2422(b);

- one count of Transportation of a Minor with Intent to Engage in Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a);

- one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

- one count of Transportation of Child Pornography, in violation of 18 U.S.C. §  2252A(a)(1).

The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

//

//

1    The defendant has pleaded not guilty to the charges and is

2  presumed innocent unless and until the government proves the

3  defendant guilty beyond a reasonable doubt.  In addition, the

4  defendant has the right to remain silent and never has to prove

5  innocence or to present any evidence.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The

28  Charge -- Presumption of Innocence] (modified to reflect indictment)

COURT'S INSTRUCTION NO. _

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) [What Is Evidence]

4

COURT'S INSTRUCTION NO. _

JOINT PROPOSED INSTRUCTION NO. 4

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard; and

(4)  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) [What Is Not Evidence]

5

1          COURT'S INSTRUCTION NO.  _

2          JOINT PROPOSED INSTRUCTION NO. 5

3       Evidence may be direct or circumstantial.  Direct evidence is

4  direct proof of a fact, such as testimony by a witness about what

5  that witness personally saw or heard or did.  Circumstantial

6  evidence is indirect evidence, that is, it is proof of one or more

7  facts from which one can find another fact.

8       You are to consider both direct and circumstantial evidence.

9  Either can be used to prove any fact.  The law makes no distinction

10  between the weight to be given to either direct or circumstantial

11  evidence.  It is for you to decide how much weight to give to any

12  evidence.

27  Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.)

28  [Direct and Circumstantial Evidence]

1                  COURT'S INSTRUCTION NO. _

2              JOINT PROPOSED INSTRUCTION NO. 6

3      There are rules of evidence that control what can be received

4 in evidence.  When a lawyer asks a question or offers an exhibit in

5 evidence and a lawyer on the other side thinks that it is not

6 permitted by the rules of evidence, that lawyer may object.  If I

7 overrule the objection, the question may be answered or the exhibit

8 received.  If I sustain the objection, the question cannot be

9 answered, or the exhibit cannot be received.  Whenever I sustain an

10 objection to a question, you must ignore the question and must not

11 guess what the answer would have been.

12      Sometimes I may order that evidence be stricken from the record

13 and that you disregard or ignore the evidence.  That means that when

14 you are deciding the case, you must not consider the evidence that I

15 told you to disregard.

16

17

18

19

20

21

22

23

24

25

26

27 Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.)

28 [Ruling On Objections]

1                COURT'S INSTRUCTION NO. _

2            JOINT PROPOSED INSTRUCTION NO. 7

3     In deciding the facts in this case, you may have to decide

4 which testimony to believe and which testimony not to believe.  You

5 may believe everything a witness says, or part of it, or none of it.

6     In considering the testimony of any witness, you may take into

7 account:

8     (1)  the witness's opportunity and ability to see or hear or

9 know the things testified to;

10     (2)  the witness's memory;

11     (3)  the witness's manner while testifying;

12     (4)  the witness's interest in the outcome of the case, if any;

13     (5)  the witness's bias or prejudice, if any;

14     (6)  whether other evidence contradicted the witness's

15 testimony;

16     (7)  the reasonableness of the witness's testimony in light of

17 all the evidence; and

18     (8)  any other factors that bear on believability.

19     You must avoid bias, conscious or unconscious, based on a

20 witness's race, color, religious beliefs, national ancestry, sexual

21 orientation, gender identity, gender, or economic circumstances in

22 your determination of credibility.

23     The weight of the evidence as to a fact does not necessarily

24 depend on the number of witnesses who testify about it. What is

25 important is how believable the witnesses are, and how much weight

26 you think their testimony deserves.

27 Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.)

28 [Credibility Of Witnesses]

1              COURT'S INSTRUCTION NO.  _

2          JOINT PROPOSED INSTRUCTION NO. 8

3          I will now say a few words about your conduct as jurors.

4          First, keep an open mind throughout the trial, and do not

5    decide what the verdict should be until you and your fellow jurors

6    have completed your deliberations at the end of the case.

7          Second, because you must decide this case based only on the

8    evidence received in the case and on my instructions as to the law

9    that applies, you must not be exposed to any other information about

10   the case or to the issues it involves during the course of your jury

11   duty.  Thus, until the end of the case or unless I tell you

12   otherwise:

13         Do not communicate with anyone in any way and do not let anyone

14   else communicate with you in any way about the merits of the case or

15   anything to do with it.  This restriction includes discussing the

16   case in person, in writing, by phone, tablet, or computer, or any

17   other means, via email, via text messaging, or any Internet chat

18   room, blog, website or application, including but not limited to

19   Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok,

20   or any other forms of social media.  This restriction also applies

21   to communicating with your fellow jurors until I give you the case

22   for deliberation, and it applies to communicating with everyone else

23   including your family members, your employer, the media or press,

24   and the people involved in the trial, although you may notify your

25   family and your employer that you have been seated as a juror in the

26   case, and how long you expect the trial to last.  But, if you are

27   asked or approached in any way about your jury service or anything

28   about this case, you must respond that you have been ordered not to

                                    9

discuss the matter.  In addition, you must report the contact to the
court.

Because you will receive all the evidence and legal instruction
you properly may consider to return a verdict:  do not read, watch,
or listen to any news or media accounts or commentary about the case
or anything to do with it[, although I have no information that
there will be news reports about this case]; do not do any research,
such as consulting dictionaries, searching the Internet or using
other reference materials; and do not make any investigation or in
any other way try to learn about the case on your own.  Do not visit
or view any place discussed in this case, and do not use the
Internet or any other resource to search for or view any place
discussed during the trial.  Also, do not do any research about this
case, the law, or the people involved—including the parties, the
witnesses or the lawyers—until you have been excused as jurors.  If
you happen to read or hear anything touching on this case in the
media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case
decided only on evidence that has been presented here in court.
Witnesses here in court take an oath to tell the truth, and the
accuracy of their testimony is tested through the trial process.  If
you do any research or investigation outside the courtroom, or gain
any information through improper communications, then your verdict
may be influenced by inaccurate, incomplete or misleading
information that has not been tested by the trial process.  Each of
the parties is entitled to a fair trial by an impartial jury, and if
you decide the case based on information not presented in court, you
will have denied the parties a fair trial.  Remember, you have taken

10

1  an oath to follow the rules, and it is very important that you
2  follow these rules.
3       A juror who violates these restrictions jeopardizes the
4  fairness of these proceedings, and a mistrial could result that
5  would require the entire trial process to start over.  If any juror
6  is exposed to any outside information, please notify the court
7  immediately.

27 Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.)
28 [Conduct of the Jury]

COURT'S INSTRUCTION NO.  _

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.)

[No Transcript Available to Jury]

12

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) [Taking Notes]

13

COURT'S INSTRUCTION NO. __

JOINT PROPOSED INSTRUCTION NO. 11

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) [Bench Conferences and Recesses]

14

1                     COURT'S INSTRUCTION NO.  _

2              JOINT PROPOSED INSTRUCTION NO. 12

3         The next phase of the trial will now begin.  First, each side

4    may make an opening statement.  An opening statement is not

5    evidence.  It is simply an outline to help you understand what that

6    party expects the evidence will show.  A party is not required to

7    make an opening statement.

8         The government will then present evidence and counsel for the

9    defendant may cross examine.  Then, if the defendant chooses to

10   offer evidence, counsel for the government may cross examine.

11        After the evidence has been presented, I will instruct you on

12   the law that applies to the case and the attorneys will make closing

13   arguments.

14        After that, you will go to the jury room to deliberate on your

15   verdict.

16

17

18

19

20

21

22

23

24

25

26

27   Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.)

28   [Outline of Trial]

1
2
3
4
5
6
7
8
9
10
11
12
13
14                    **INSTRUCTIONS DURING TRIAL**
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          COURT'S INSTRUCTION NO. _

2          JOINT PROPOSED INSTRUCTION NO. 13

3     <u>At the End of Each Day of the Case</u>:

4          As I indicated before this trial started, you as jurors will

5     decide this case based solely on the evidence presented in this

6     courtroom.  This means that, after you leave here for the night, you

7     must not conduct any independent research about this case, the

8     matters in the case, the legal issues in the case, or the

9     individuals or other entities involved in the case.  This is

10    important for the same reasons that jurors have long been instructed

11    to limit their exposure to traditional forms of media information

12    such as television and newspapers.  You also must not communicate

13    with anyone, in any way, about this case.  And you must ignore any

14    information about the case that you might see while browsing the

15    internet or your social media feeds.

16

17    <u>At the Beginning of Each Day of the Case</u>:

18         As I reminded you yesterday and continue to emphasize to you

19    today, it is important that you decide this case based solely on the

20    evidence and the law presented here.  So you must not learn any

21    additional information about the case from sources outside the

22    courtroom.  To ensure fairness to all parties in this trial, I will

23    now ask each of you whether you have learned about or shared any

24    information about this case outside of this courtroom, even if it

25    was accidental.

26    //

27    //

28

17

[ALTERNATIVE 1 (in open court): if you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break. Thank you for your careful adherence to my instructions.][ALTERNATIVE 2 (during voir dire with each juror, individually): Have you learned about or shared any information about this case outside of this courtroom? . . . Thank you for your careful adherence to my instructions.]

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) [Cautionary Instruction—First Recess]

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 14

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 [Stipulations of Fact].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 15

You are about to hear and/or watch a recording that has been received in evidence. Please listen to it very carefully. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording. However, bear in mind that the recording is the evidence, not the transcript. If you hear something different from what appears in the transcript, what you hear is controlling. After the recording has been played, the transcript will be taken from you.

Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2017 ed.) [Transcript of Recording in English].

20

1              COURT'S INSTRUCTION NO. ___

2           JOINT PROPOSED INSTRUCTION NO. 16

3          You have heard evidence that the defendant used a laptop that

4    contained sexually explicit images of children and a screenshot of a

5    Google search related to the age of consent for sex.  This evidence

6    of other acts was admitted only for a limited purpose.  You may

7    consider this evidence only for the purpose of deciding whether the

8    defendant:

9          Had the state of mind, knowledge, or intent necessary to commit

10   the crimes charged in the indictment;

11         Had a motive to commit the acts charged in the indictment;

12         Was preparing or planning to commit the acts charged in the

13   indictment;

14         Did not commit the acts for which the defendant is on trial by

15   accident or mistake; or

16         Is the person who committed the crimes charged in the

17   indictment. You may consider this evidence to help you decide

18   whether the person who communicated with Minor A.T. or Minor J.G. on

19   Instagram and otherwise.

20         Do not consider this evidence for any other purpose.

21         Of course, it is for you to determine whether you believe this

22   evidence and, if you do believe it, whether you accept it for the

23   purpose offered. You may give it such weight as you feel it

24   deserves, but only for the limited purposes that I described to you.

25         The defendant is not on trial for committing these other acts.

26   You may not consider the evidence of these other acts as a

27   substitute for proof that the defendant committed the crimes

28   charged. You may not consider this evidence as proof that the

defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for sexual exploitation of a child, attempted enticement of a minor with intent that the minor engage in criminal sexual activity, transportation of a minor with intent that the minor engage in criminal sexual activity, distribution of child pornography, and transportation of child pornography. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 2.10 [Other Crimes, Wrongs, or Acts of Defendant].

**INSTRUCTIONS AT THE END OF TRIAL**

1     COURT'S INSTRUCTION NO. ___

2     JOINT PROPOSED INSTRUCTION NO. 17

3     Members of the jury, now that you have heard all the evidence,

4 it is my duty to instruct you on the law that applies to this case.

5 A copy of these instructions will be available in the jury room for

6 you to consult.

7     It is your duty to weigh and to evaluate all the evidence

8 received in the case and, in that process, to decide the facts. It

9 is also your duty to apply the law as I give it to you to the facts

10 as you find them, whether you agree with the law or not. You must

11 decide the case solely on the evidence and the law. You will recall

12 that you took an oath promising to do so at the beginning of the

13 case.  You should also not be influenced by any person's race,

14 color, religious beliefs, national ancestry, sexual orientation,

15 gender identity, gender, or economic circumstances.  Also, do not

16 allow yourself to be influenced by personal likes or dislikes,

17 sympathy, prejudice, fear, public opinion, or biases, including

18 unconscious biases.  Unconscious biases are stereotypes, attitudes,

19 or preferences that people may consciously reject but may be

20 expressed without conscious awareness, control, or intention.

21     You must follow all these instructions and not single out some

22 and ignore others; they are all important.  Please do not read into

23 these instructions or into anything I may have said or done as any

24 suggestion as to what verdict you should return—that is a matter

25 entirely up to you.

26

27 Ninth Circuit Model Criminal Jury Instructions, No. 6.1 [Duties

28 of Jury to Find Facts and Follow Law].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 18

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 [Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 19A/B

**[IF APPLICABLE]**

**(Alternative A)**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


**[IF APPLICABLE]**

**(Alternative B)**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 [Defendant's Decision Not to Testify], 6.4 [Defendant's Decision to Testify].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 20

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 [Reasonable Doubt - Defined].

27

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 21

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 [What Is Evidence].

28

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 22

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 [What Is Not Evidence].

29

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 23

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 [Direct and Circumstantial Evidence] (modified to include example).

30

1    COURT'S INSTRUCTION NO. ___

2    JOINT PROPOSED INSTRUCTION NO. 24

3    In deciding the facts in this case, you may have to decide

4    which testimony to believe and which testimony not to believe. You

5    may believe everything a witness says, or part of it, or none of it.

6    In considering the testimony of any witness, you may take into

7    account the following:

8    First, the opportunity and ability of the witness to see or

9    hear or know the things testified to;

10    Second, the witness's memory;

11    Third, the witness's manner while testifying;

12    Fourth, the witness's interest in the outcome of the case, if

13    any;

14    Fifth, the witness's bias or prejudice, if any;

15    Sixth, whether other evidence contradicted the witness's

16    testimony;

17    Seventh, the reasonableness of the witness's testimony in light

18    of all the evidence; and

19    Eighth, any other factors that bear on believability.

20    Sometimes a witness may say something that is not consistent

21    with something else he or she said. Sometimes different witnesses

22    will give different versions of what happened. People often forget

23    things or make mistakes in what they remember. Also, two people may

24    see the same event but remember it differently. You may consider

25    these differences, but do not decide that testimony is untrue just

26    because it differs from other testimony.

27    However, if you decide that a witness has deliberately

28    testified untruthfully about something important, you may choose not

31

to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 [Credibility of Witnesses].

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

You are here only to determine whether the defendant is guilty or not guilty of the charges in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 [Activities Not Charged]

33

COURT'S INSTRUCTION NO. __

JOINT PROPOSED INSTRUCTION NO. 26

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.)

[Separate Consideration of Multiple Counts -- Single Defendant]

34

COURT'S INSTRUCTION NO. __

JOINT PROPOSED INSTRUCTION NO. 27

The indictment charges that the offenses alleged in the indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.)

[On or About –– Defined] (modified to reflect Indictment)

35

1          COURT'S INSTRUCTION NO. ___

2        JOINT PROPOSED INSTRUCTION NO. 28

3      You have heard testimony that defendant made a statement.  It

4  is for you to decide (1) whether the defendant made the statement,

5  and (2) if so, how much weight to give to it.  In making those

6  decisions, you should consider all the evidence about the statement,

7  including the circumstances under which the defendant may have made

8  it.

26  Ninth Circuit Model Criminal Jury Instructions, No. 3.1 [Statements

27  by Defendant].

36

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 29

**[IF APPLICABLE]**

You have heard testimony from Julie Le, a witness who admitted being an accomplice to one of the crimes charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.  Ms. Le also pleaded guilty to a crime arising out of the same events for which the defendant is on trial.  This guilty plea is not evidence against the defendant, and you may consider it only in determining this witness's believability.

For these reasons, in evaluating the testimony of Julie Le, you should consider the extent to which or whether her testimony may have been influenced by any of these factors.  In addition, you should examine the testimony of Julie Le with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 3.9 [Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice Plea].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 30

You have heard testimony from former FBI Special Agent Jeff Bennett who testified about his opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 [Opinion Evidence, Expert Witness].

1  COURT'S INSTRUCTION NO. _

2  JOINT PROPOSED INSTRUCTION NO. 31

3  **[IF APPLICABLE]**

4  During the trial, certain charts and summaries were shown to

5  you in order to help explain the evidence in the case.  These charts

6  and summaries were not admitted into evidence and will not go into

7  the jury room with you.  They are not themselves evidence or proof

8  of any facts.  If they do not correctly reflect the facts or figures

9  shown by the evidence in the case, you should disregard these charts

10  and summaries and determine the facts from the underlying evidence.

27  Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.)

28  [Charts and Summaries Not Admitted Into Evidence]

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 32

**[IF APPLICABLE]**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.17 [Charts and Summaries Admitted Into Evidence].

40

COURT'S INSTRUCTION NO. ___

DISPUTED INSTRUCTION NO. 33

[See Disputed Set]

1          COURT'S INSTRUCTION NO. ___

2          JOINT PROPOSED INSTRUCTION NO. 34

3      The defendant is charged in Count Three of the indictment with

4  Attempted Enticement of a Minor to Engage in Criminal Sexual

5  Activity in violation of Section 2422(b) of Title 18 of the United

6  States Code. For the defendant to be found guilty of that charge the

7  government must prove beyond a reasonable doubt:

8      First, that between February 8, 2022, and July 11, 2022, the

9  defendant used a means or facility of interstate commerce, that is,

10 the internet and Instagram, to knowingly attempt to persuade,

11 induce, or entice an individual to engage in sexual intercourse,

12 masturbation, or the creation of sexually explicit images;

13     Second, the individual was under the age of 18 and the

14 defendant knew the person was under the age of 18;

15     Third, that if the sexual activity had occurred, any person

16 could have been charged with a criminal offense under the laws of

17 the United States or the State of California; and

18      Fourth, the defendant did something that was a substantial

19 step toward committing the crime. A substantial step is conduct that

20 strongly corroborated the defendant's intent to commit the crime.

21 To constitute a substantial step, a defendant's act or actions must

22 unequivocally demonstrate that the crime will take place unless

23 interrupted by independent circumstances.  Mere preparation is not a

24 substantial step toward committing the crime.  Jurors do not need to

25 agree unanimously as to which particular act or actions constituted

26 a substantial step toward the commission of a crime.

27     I will now provide more instructions regarding the third

28 element:

In the United States, it is a criminal offense under Title 18, United States Code, Section 2251(a), to employ, use, persuade, induce, or entice a victim who was under the age of 18 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct if the visual depiction was produced or transmitted or transported in and affecting interstate or foreign commerce.  Please refer to Instruction No. [cross-reference].

In California, it is a criminal offense under California Penal Code Section 261.5(d) for a defendant who is at least 21 years of age at the time to have sexual intercourse with another person, to whom he or she is not married, who was under the age of 16 at the time of the intercourse.

In California, it is also a criminal offense under California Penal Code Section 288(c)(1) for a defendant to willfully touch any part of a child's body or cause a child to touch her own body with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child if the child was 14 or 15 years old at the time of the act and the child was at least 10 years younger than the defendant.

A minor's seeming willingness to engage in sexual activity is irrelevant to the elements of this crime.


Ninth Circuit Model Criminal Jury Instructions, No. 20.29 [Using or Attempting to Use the Mail or a Means of Commerce to Persuade or Coerce a Minor to Engage in Prostitution or Sexual Activity] (modified to reflect indictment and to include commentary); 18 U.S.C. § 2251(a), Cal. Penal Code §§ 261.5(d), 288(c)(1).

COURT'S INSTRUCTION NO. ____

DISPUTED INSTRUCTION NO. 35

[See Disputed Set]

1        COURT'S INSTRUCTION NO. ___

2      JOINT PROPOSED INSTRUCTION NO. 36

3        The defendant is charged in Count Five of the indictment with

4  distribution of child pornography in violation of Section

5  2252A(a)(2)(A) of Title 18 of the United States Code.  For the

6  defendant to be found guilty of that charge, the government must

7  prove each of the following elements beyond a reasonable doubt:

8        First, the defendant knowingly distributed an item of child

9  pornography, as alleged in the indictment;

10       Second, the item of child pornography had been transported in

11  or affecting interstate or foreign commerce by any means, including

12  by computer; and

13       Third, when the defendant distributed the item, the defendant

14  knew the item was child pornography.

15       The term "child pornography" means any visual depiction,

16  including any photograph, film, video, picture, or computer or

17  computer-generated image or picture, whether made or produced by

18  electronic, mechanical, or other means, of sexually explicit

19  conduct, where the production of such visual depiction involves the

20  use of a minor engaging in sexually explicit conduct.

21       A "minor" is any person under the age of 18 years.

22  //

23  //

45

1    "Sexually explicit conduct" means actual or simulated sexual

2  intercourse, bestiality, masturbation, sadistic or masochistic

3  abuse, or lascivious exhibition of the genitals or pubic area of any

4  person.

23 Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.85D

24 [Sexual Exploitation of Children—Receiving or Distributing Child

25 Pornography (Visual Depiction of Actual Minor)]; Ninth Circuit Model

26 Criminal Jury Instructions, No. 20.23 [Sexual Exploitation of Child

27 Possession of Child Pornography] (definitions of "minor" and

28 "sexually explicit conduct").

1                     COURT'S INSTRUCTION NO. ___

2               JOINT PROPOSED INSTRUCTION NO. 37

3      The defendant is charged in Count Six of the indictment with

4 transporting child pornography in violation of Section 2252A(a)(1)

5 of Title 18 of the United States Code.  For the defendant to be

6 found guilty of that charge, the government must prove each of the

7 following elements beyond a reasonable doubt:

8      First, the defendant knowingly transported by any means or

9 facility of in or affecting interstate or foreign commerce,

10 including by computer, an item or items of child pornography, as

11 alleged in the indictment; and

12      Second, when the defendant transported the item, the defendant

13 knew the items were child pornography.

14      The term "computer" means an electronic, magnetic, optical,

15 electrochemical, or other high speed data processing device

16 performing logical, arithmetic, or storage functions, and includes

17 any data storage facility or communication facility directly related

18 to or operating in conjunction with such device, but such term does

19 not include an automated typewriter or typesetter, a portable hand

20 held calculator, or other similar device.

21      The term "child pornography" means any visual depiction,

22 including any photograph, film video, picture, or computer or

23 computer-generated image or picture, whether made or produced by

24 electronic, mechanical, or other means, of sexually explicit

25 conduct, where the production of such visual depiction involves the

26 use of a minor engaging in sexually explicit conduct.

27      A "minor" is any person under the age of 18 years.

28

1    "Sexually explicit conduct" means actual or simulated sexual

2  intercourse, bestiality, masturbation, sadistic or masochistic

3  abuse, or lascivious exhibition of the genitals or pubic area of any

4  person.

23  Fifth Circuit Pattern Jury Instructions (Criminal Cases), No. 2.85C

24  [Sexual Exploitation of Children—Transporting or Shipping of Child

25  Pornography (Visual Depiction of Actual Minor)]; Ninth Circuit Model

26  Criminal Jury Instructions, No. 20.23 [Sexual Exploitation of Child

27  Possession of Child Pornography] (definitions of "minor" and

28  "sexually explicit conduct").

COURT'S INSTRUCTION NO. ___

DISPUTED INSTRUCTION NO. 38

[See Disputed Set]

1

2

3

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 39

[IF APPLICABLE]

4   A defendant may be found guilty of the crimes charged even if

5  the defendant did not personally commit the acts constituting the

6  crime if the defendant willfully caused an act to be done that if

7  directly performed by him would be an offense against the United

8  States.  A defendant who puts in motion or causes the commission of

9  an indispensable element of the offense may be found guilty as if he

10 had committed this element himself.

27 Ninth Circuit Model Criminal Jury Instructions, No. 4.2 [Aiding and

28 Abetting (18 U.S.C. § 2(b)].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 40

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Criminal Jury Instructions, No. 4.8 [Knowingly].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 41

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because generally there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1A Fed. Jury Prac. & Instr. § 17:07 (7th ed.) [Proof of knowledge or intent]

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 42

A minor's seeming willingness to engage in sexual activity is not a defense.  You can find the defendant guilty even if you find that the evidence suggests that the minor willingly participated in the sexual activity.  A minor victim cannot consent to sexually explicit conduct.

A minor victim's willingness to engage in sexual activity is irrelevant.

See United States v. Dhingra, 371 F.3d 557, 567 (9th Cir. 2004) (victim's willingness to engage in sexual activity is irrelevant, in much the same way that a minor's consent to sexual activity does not mitigate the offense of statutory rape or child molestation); United States v. Rashkovski, 301 F.3d 1133, 1137 (9th Cir. 2002).

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 43

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do noy allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

1    It is your duty as jurors to consult with one another and to

2  deliberate with one another with a view towards reaching an

3  agreement if you can do so. During your deliberations, you should

4  not hesitate to reexamine your own views and change your opinion if

5  you become persuaded that it is wrong.

27  Ninth Circuit Model Criminal Jury Instructions, No. 6.19 [Duty to

28  Deliberate].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 44

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is

1    Exposed to any outside information, please notify the court

2    immediately.

27    Ninth Circuit Model Criminal Jury Instructions, No. 6.20

28    [Consideration of Evidence - Conduct of the Jury].

1                        COURT'S INSTRUCTION NO. ____

2                    JOINT PROPOSED INSTRUCTION NO. 45

3        Some of you have taken notes during the trial.  Whether or not

4   you took notes, you should rely on your own memory of what was said.

5   Notes are only to assist your memory.  You should not be overly

6   influenced by your notes or those of your fellow jurors.

27  Ninth Circuit Model Criminal Jury Instructions, No. 6.21 [Use of

28  Notes].

                                   58

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 46

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 [Jury Consideration of Punishment].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 47

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 [Verdict Form].

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 48

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 [Communication with Court].