BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
KATHY YU (Cal. Bar No. 268210)
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorneys
    1100/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2431/8536
    Facsimile: (213) 894-0141
    E-mail:   kathy.yu@usdoj.gov
                kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00340(B)-AB |
|---|---|
| Plaintiff, | JOINT DISPUTED JURY INSTRUCTIONS |
| v. | |
| DANIEL NAVARRO, | |
| Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Kathy Yu and Kevin B. Reidy, and defendant DANIEL NAVARRO, by and through his attorneys of record, Edward M. Robinson and Brian A. Robinson, hereby submit their Joint Disputed Jury Instructions.

    All references to the Indictment refer to the operative Second Superseding Indictment.

    The parties respectfully request leave to make modifications or to submit such other and additional instructions as may become

1  appropriate.  The parties also reserve the right to request
2  additional instructions as may become appropriate during the course
3  of trial.
4
5  Dated: July 23, 2025            Respectfully submitted,
6                                  BILAL A. ESSAYLI
                                   United States Attorney
7
                                   CHRISTINA T. SHAY
8                                  Assistant United States Attorney
                                   Chief, Criminal Division
9
10                                 /s/
                                   KATHY YU
11                                 KEVIN B. REIDY
                                   Assistant United States Attorneys
12
                                   Attorneys for Plaintiff
13                                 UNITED STATES OF AMERICA
14
15                                 /s/ per 7/23/25 email authorization
                                   EDWARD M. ROBINSON
16                                 BRIAN A. ROBINSON
17                                 Attorneys for Defendant
                                   DANIEL NAVARRO
18
19
20
21
22
23
24
25
26
27
28

2

**INDEX OF DISPUTED JURY INSTRUCTIONS**

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 33 | Sexual Exploitation of a Child | Ninth Circuit Model Criminal Jury Instructions, No. 20.18 | 1 |
| 35 | Transportation of Minor for Prostitution or Criminal Sexual Activity | Ninth Circuit Model Criminal Jury Instructions, No. 20.30 | 6 |
| 38 | Aiding and Abetting (18 U.S.C. § 2(a)) | Ninth Circuit Model Criminal Jury Instructions, No. 4.1 | 11 |

**GOVERNMENT PROPOSED INSTRUCTION NO. 33**

The defendant is charged in Count One (Minor A.T.) and Count Two (Minor J.G.) of the Indictment with sexual exploitation of a child in violation of Section 2251(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, at the time, the victim was under the age of eighteen years;

Second, the defendant employed, used, persuaded, induced, or enticed the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce, and in affecting interstate or foreign commerce, or the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

In this case, "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, masturbation, or lascivious exhibition of the genitals of any person.

In this case, "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

In this case, "visual depiction" means undeveloped film and videotaped, data stored on computer disk or by electronic means

which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

Knowledge of the age of the minor victim is not an element of the offense.

Transportation in interstate commerce can be accomplished by any means, including by a computer.

The term "used" in the second element of this instruction means to put into action or service, to avail oneself of, or to employ.

When determining whether an image constitutes "lascivious exhibition of the genitals of any person," a jury may consider as a starting point the following six factors:  (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

Ninth Circuit Model Criminal Jury Instructions, No. 20.18 [Sexual Exploitation of Child] (modified to include commentary).

**DEFENSE OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 33**

Mr. Navarro objects to the language of proposed jury instruction number 33 related to the definition of "lascivious exhibition." The six-factor definition of "lascivious exhibition of the anus, genitals, or pubic area of any person" is not in the Ninth Circuit Model Instruction. The language comes from United States v. Perkins, 850 F.3d 1109, 1121 (9th Cir. 2017). The Perkins case, relying on the District Court case United States v. Dost, 636 F.Supp. 828 (S.D.Cal. 1986), sets forth these factors in determining whether probable cause existed for the issuance of a search warrant and, in Dost, whether the sufficient evidence to support a conviction. As such, this language is not a statement of law with respect to a proper jury instruction but is derived from cases dealing with sufficiency. As such, this language has the effect of directing a verdict against Mr. Navarro and lessening the government's burden of proof. In re Winship, 397 U.S. 358 (1970)

Mr. Navarro also objects to the language "knowledge of the age of the minor victim is not an element of the offense." This language is argumentative and lessens the government's burden of proof. See Winship.

**GOVERNMENT RESPONSE IN SUPPORT OF PROPOSED INSTRUCTION NO. 33**

The multi-factor test set forth in government's proposed instruction accurately states Ninth Circuit law and will aid the jury in interpreting the legalistic term "lascivious exhibition of the genitals of any person." The Ninth Circuit has repeatedly applied the "Dost factors" to evaluate whether the evidence "could support a reasonable jury's conclusion that the [charged images or] videos were lascivious." United States v. Boam, 69 F.4th 601, 608-10 (9th Cir. 2023); see also United States v. Overton, 573 F.3d 679, 686 (9th Cir. 2009) ("In our circuit the trier of fact will often look to six factors to determine whether a visual depiction of a minor constitutes a 'lascivious exhibition of the genitals or pubic area' in the particular case.") (quoting Dost).

Indeed, in United States v. Arvin, 900 F.2d 1385, 1390-91, n.4 (9th Cir. 1990), the Ninth Circuit held that "the jury was properly instructed" about "what they should consider in making a determination as to whether the pictures were lascivious" when the jury instruction provided a "list of eight factors which the jury . . . may consider," including all six Dost factors. More recently, the Ninth Circuit reached the same conclusion in United States v. Barnes, 2021 WL 4938126, at *1 (9th Cir. Oct. 22, 2021) (rejecting claim of instructional error where "Jury Instruction 19 incorporated the six factors enumerated in United States v. Dost . . . as guidance for interpreting the phrase 'lascivious exhibition of the genitals or pubic area" because "[w]e have repeatedly looked to the Dost factors as a starting point for analyzing whether an image involves a 'lascivious exhibition'").

4

The danger of prejudice to defendant in instructing the jury on the Dost factors is remote; the Ninth Circuit has recognized that the multi-factor standard is "over-generous to the defendant." United States v. Wiegand, 812 F.2d 1239, 1244 (9th Cir. 1987).

The language that the knowledge of the age of the minor victim is not an element of the offense accurately states the law of the Ninth Circuit. United States v. U.S. Dist. Ct., 858 F.2d 534, 538 (9th Cir. 1988) ("[K]nowledge of the minor's age is not necessary for conviction under section 2251(a)."); United States v. McLeod, 755 F. App'x 670, 676 (9th Cir. 2019) (same); United States v. Dickerson, 735 F. App'x 349, 350 (9th Cir. 2018) (same); see also United States v. X-Citement Video, Inc., 513 U.S. 64, 76 n.5 (1994) ("[P]roducers may be convicted under § 2251(a) without proof they had knowledge of age.") (dicta). Accurately advising jurors that the law does not require the government to prove defendant's knowledge of the victims' ages will help the jury understand the issues for its consideration. See United States v. Humphries, 728 F.3d 1028, 1033 (9th Cir. 2013) (no error in giving "legally accurate instruction" that "was a correct statement of the law and was unlikely to confuse or mislead the jury").

**GOVERNMENT PROPOSED INSTRUCTION NO. 35**

The defendant is charged in Count Four of the Indictment with transporting a minor with intent that the minor engage in criminal sexual activity in violation of Section 2423(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transported Minor A.T. from San Luis Obispo County to Mexico;

Second, the defendant did so with the intent that Minor A.T. engage in sexual activity with the defendant;

Third, that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of California;

In California, it is a criminal offense under California Penal Code Section 261.5(d) for a defendant who is at least 21 years of age at the time to have sexual intercourse with another person, to whom he or she is not married, who was under the age of 16 at the time of the intercourse;

In California, it is also a criminal offense under California Penal Code Section 288(c)(1) for a defendant to willfully touch any part of a child's body or cause a child to touch her own body with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child if the child was 14 or 15 years old at the time of the act and the child was at least 10 years younger than the defendant; and

Fourth, Minor A.T. was under the age of eighteen years at the time.

A defendant transports a minor with the intent that such minor engage in sexual intercourse if the intended sexual activity was a dominant, significant, or motivating purpose of the transportation.

It is not a defense to the crime of transporting a minor for purposes of criminal sexual activity that the defendant was ignorant of the child's age.

Ninth Circuit Model Criminal Jury Instructions, No. 20.30 [Transportation of Minor for Prostitution or Criminal Sexual Activity] (modified to include commentary).

**DEFENSE OBJECTION TO GOVERNMENT PROPOSED INSTRUCTION NO. 35**

Mr. Navarro objects to the language in the last two paragraphs of this instruction.

First, Mr. Navarro objects to the language "dominant, significant, or motivating purpose" on the grounds that this 'scale' is overbroad and has the effect of lessening the government's burden of proof.

Second, Mr. Navarro objects to the last paragraph of this instruction as this language is not in the Ninth Circuit Model Instruction, is argumentative, and lessens the government's burden of proof.

**GOVERNMENT RESPONSE IN SUPPORT OF PROPOSED INSTRUCTION NO. 35**

The explanation of the intent element set forth in the second-to-last paragraph of the government's instruction tracks the language of the model instruction and Ninth Circuit law. "In interpreting the elements for transportation and travel offenses, we have consistently held that a dominant, significant, or motivating purpose to engage in criminal sexual activity satisfies the intent requirement." United States v. Flucas, 22 F.4th 1149, 1154 (9th Cir. 2022). In Flucas, the court held that the district court "correctly instructed the jury . . . with respect to the intent requirement[]" in § 2423(a) when the district court informed jurors that it was "sufficient if the government proves beyond a reasonable doubt that the sexual activity was a significant, dominating or motivating purpose." Id. at 1154-55, 1164. Recent Ninth Circuit cases have re-affirmed the Flucas formulation. See United States v. Stackhouse, 105 F.4th 1193, 1202-1203 (9th Cir. 2024) ("To satisfy the intent element under § 2423(a), 'the government must prove beyond a reasonable doubt that a dominant, significant, or motivating purpose of the transportation of the individuals was to engage in criminal sexual activity.'") (quoting Flucas); United States v. Pepe, 81 F.4th 961, 977 (9th Cir. 2023) ("Ninth Circuit precedent clearly establishes that a defendant can have mixed motives for traveling.").

Additionally, the last paragraph's statement that a defendant's ignorance of a child's age does not constitute a defense to transportation of a minor to engage in criminal sexual activity accurately restates Ninth Circuit law. United States v. Taylor, 239 F.3d 994, 997 (9th Cir. 2001) ("Ignorance of the victim's age

provides no safe harbor from the penalties in 18 U.S.C. § 2423(a)."); see also United States v. Brooks, 610 F.3d 1186, 1195 (9th Cir. 2010) ("[I]f a sex trafficker lacked knowledge that the victim was underage, he could be convicted of violating § 2423(a).").

Indeed, the Ninth Circuit has expressly upheld including the Taylor language from the commentary in a § 2423(a) instruction. See United States v. Bonds, 679 F. App'x 635, 636 (9th Cir. 2017) ("The district court did not plainly error in giving those instructions, which track Ninth Circuit Model Criminal Jury Instruction 8.193 . . . . The district court's addition of a correct statement of law from United States v. Taylor . . . taken from the 'Comment' to the Model Instruction , was also not error."); and Comment, Model Ninth Circuit Jury Instruction 8.193 (2019 ed.) ("It is not a defense to the crime of transporting a minor for purposes of prostitution that the defendant was ignorant of the child's age.") (citing Taylor); see also United States v. Bolds, 620 F. App'x 592, 593 (9th Cir. 2015) ("The district court correctly instructed the jury that it did not need to find Bolds knew Sara G. was younger than 18 years of age to convict him under 18 U.S.C. § 2423(a).").

10

**GOVERNMENT PROPOSED INSTRUCTION NO. 38**

[IF APPLICABLE]

A defendant may be found guilty of transporting a minor with intent that the minor engage in criminal sexual activity even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of transporting a minor with intent that the minor engage in criminal sexual activity by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed transporting a minor with intent that the minor engage in criminal sexual activity;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of transporting a minor with intent that the minor engage in criminal sexual activity;

Third, the defendant acted with the intent to facilitate transporting a minor with intent that the minor engage in criminal sexual activity; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit transporting a minor with intent that the minor engage in criminal sexual activity.

11

1     A defendant acts with the intent to facilitate the crime when
2 the defendant actively participates in a criminal venture with
3 advance knowledge of the crime.
4     The government is not required to prove precisely which
5 defendant actually committed the crime and which defendant aided and
6 abetted.

27 Ninth Circuit Model Criminal Jury Instructions, No. 4.1 [Aiding and
28 Abetting (18 U.S.C. § 2(a)].

12

**DEFENDANT'S OBJECTION TO GOVERNMENT PROPOSED JURY INSTRUCTION NO. 38**

Mr. Navarro tentatively objects to proposed jury instruction number 38, specifically the language in the second to last paragraph. This paragraph should, if the evidence introduced at trial supports the defense position, include the language "a defendant must have learned of the circumstances at a time when the defendant still had a realistic opportunity to withdraw from the crime." See Rosemond v. United States, 134 S. Ct. 1240, 1251-52 & n.10 (2014).

**GOVERNMENT RESPONSE IN SUPPORT OF PROPOSED INSTRUCTION NO. 38**

Defendant's proposed addition is cumulative of language already in the model instruction requiring proof of advance knowledge of the crime in order to find a defendant guilty under an aiding and abetting theory.  Specifically, the fourth element requires proof that "the defendant acted before the crime was completed" and the explanation of the intent element provides that "[a] defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime."  Requiring prior knowledge of the crime before taking action to further the offense adequately captures the Supreme Court's holding in Rosemond.  See 572 U.S. 65, 78 (2014) ("When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense.").  Adding defendant's proposed language would only confuse the jury and should not be included in the instruction given.