**F I L E D**
CLERK, U.S. DISTRICT COURT

July 31, 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ EVC _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>DANIEL NAVARRO,<br><br>                    Defendant. | Case No. 2:22-cr-00340-AB<br><br>**CLOSING JURY INSTRUCTIONS** |

The following are the Court's jury instructions to guide your consideration of the evidence in this case.

Dated:  July 31, 2025

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

1

## <u>CLOSING JURY INSTRUCTION NO. 1</u>
## DUTIES OF THE JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CLOSING JURY INSTRUCTION NO. 2</u>

**CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF INNOCENCE – BURDEN OF PROOF**

The Indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

## **CLOSING JURY INSTRUCTION NO. 3**

### **DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

## CLOSING JURY INSTRUCTION NO. 4
### REASONABLE DOUBT – DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## CLOSING JURY INSTRUCTION NO. 5

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

## CLOSING JURY INSTRUCTION NO. 6
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## CLOSING JURY INSTRUCTION NO. 7
### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

## CLOSING JURY INSTRUCTION NO. 8
### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## CLOSING JURY INSTRUCTION NO. 9

### ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charge in the Indictment.  The defendant is not on trial for any conduct or offense not charged in the Indictment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CLOSING JURY INSTRUCTION NO. 10</u>

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CLOSING JURY INSTRUCTION NO. 11</u>

### ON OR ABOUT - DEFINED

The Indictment charges that the offense was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CLOSING JURY INSTRUCTION NO. 12</u>

**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 13
### OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from FBI Special Agent Jeff Bennett, who testified about his opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CLOSING JURY INSTRUCTION NO. 14</u>

## CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

## CLOSING JURY INSTRUCTION NO. 15

## OTHER CRIMES, WRONGS, OR ACTS OF DEFENDANT

You have heard evidence that the defendant used a laptop that contained
sexually explicit images of children in addition to what was charged in this case.  This
evidence of other acts was admitted only for a limited purpose.  You may consider this
evidence only for the purpose of deciding whether the defendant:

- Had the state of mind, knowledge, or intent necessary to commit the crimes
  charged in the indictment;
- Had a motive to commit the acts charged in the indictment;
- Was preparing or planning to commit the acts charged in the indictment;
- Did not commit the acts for which the defendant is on trial by accident or
  mistake; or
- Is the person who committed the crimes charged in the indictment. You may
  consider this evidence to help you decide whether the person who
  communicated with Minor A.T. or Minor J.G. on Instagram and otherwise, was
  defendant.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if
you do believe it, whether you accept it for the purpose offered. You may give it such
weight as you feel it deserves, but only for the limited purposes that I described to
you.

The defendant is not on trial for committing these other acts. You may not
consider the evidence of these other acts as a substitute for proof that the defendant
committed the crimes charged. You may not consider this evidence as proof that the
defendant has a bad character or any propensity to commit crimes. Specifically, you

may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for sexual exploitation of a child, attempted enticement of a minor with intent that the minor engage in criminal sexual activity, transportation of a minor with intent that the minor engage in criminal sexual activity, distribution of child pornography, and transportation of child pornography.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

## CLOSING JURY INSTRUCTION NO. 16
### SEXUAL EXPLOITATION OF A MINOR

The defendant is charged in Count One (Minor A.T.) and Count Two (Minor J.G.) of the Indictment with sexual exploitation of a child in violation of Section 2251(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, at the time, the victim was under the age of eighteen years;

Second, the defendant employed, used, persuaded, induced, or enticed the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third, the defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means and facility of interstate and foreign commerce, and in affecting interstate or foreign commerce, or the visual depiction was actually transported or transmitted across state lines or in foreign commerce using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

In this case, "sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, masturbation, or lascivious exhibition of the genitals of any person.

In this case, "producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

In this case, "visual depiction" means undeveloped film and videotaped, data stored on computer disk or by electronic means which is capable of conversion into a

visual image, and data which is capable of conversion into a visual image that has
been transmitted by any means, whether or not stored in a permanent format.

Knowledge of the age of the minor victim is not an element of the offense.

Transportation in interstate commerce can be accomplished by any means,
including by a computer.

The term "used" in the second element of this instruction means to put into
action or service, to avail oneself of, or to employ.

When determining whether an image constitutes "lascivious exhibition of the
genitals of any person," a jury may consider as a starting point the following six
factors: (1) whether the focal point of the visual depiction is on the child's genitalia or
pubic area; (2) whether the setting of the visual depiction is sexually suggestive, i.e.,
in a place or pose generally associated with sexual activity; (3) whether the child is
depicted in an unnatural pose, or in inappropriate attire, considering the age of the
child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual
depiction suggests sexual coyness or a willingness to engage in sexual activity; and
(6) whether the visual depiction is intended or designed to elicit a sexual response in
the viewer.

## CLOSING JURY INSTRUCTION NO. 17

## USING OR ATTEMPTING TO USE THE MAIL OR A MEANS OF COMMERCE TO PERSUADE OR COERCE A MINOR TO ENGAGE IN SEXUAL ACTIVITY

The defendant is charged in Count Three of the indictment with Attempted Enticement of a Minor to Engage in Criminal Sexual Activity in violation of Section 2422(b) of Title 18 of the United States Code. For the defendant to be found guilty of that charge the government must prove beyond a reasonable doubt:

First, that between February 8, 2022, and July 11, 2022, the defendant used a means or facility of interstate commerce, that is, the internet and Instagram, to knowingly attempt to persuade, induce, or entice an individual to engage in sexual intercourse, masturbation, or the creation of sexually explicit images;

Second, the individual was under the age of 18 and the defendant knew the person was under the age of 18;

Third, that if the sexual activity had occurred, any person could have been charged with a criminal offense under the laws of the United States or the State of California; and

Fourth, the defendant did something that was a substantial step toward committing the crime. A substantial step is conduct that strongly corroborated the defendant's intent to commit the crime.

To constitute a substantial step, a defendant's act or actions must unequivocally demonstrate that the crime will take place unless interrupted by independent circumstances. Mere preparation is not a substantial step toward committing the

crime. Jurors do not need to agree unanimously as to which particular act or actions constituted a substantial step toward the commission of a crime.

I will now provide more instructions regarding the third element:

In the United States, it is a criminal offense under Title 18, United States Code, Section 2251(a), to employ, use, persuade, induce, or entice a victim who was under the age of 18 to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct if the visual depiction was produced or transmitted or transported in and affecting interstate or foreign commerce. Please refer to Instruction No. 16.

In California, it is a criminal offense under California Penal Code Section 261.5(d) for a defendant who is at least 21 years of age at the time to have sexual intercourse with another person, to whom he or she is not married, who was under the age of 16 at the time of the intercourse.

In California, it is also a criminal offense under California Penal Code Section 288(c)(1) for a defendant to willfully touch any part of a child's body or cause a child to touch her own body with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child if the child was 14 or 15 years old at the time of the act and the child was at least 10 years younger than the defendant.

A minor's seeming willingness to engage in sexual activity is irrelevant to the elements of this crime.

### CLOSING JURY INSTRUCTION NO. 18

### TRANSPORTATION OF A MINOR FOR CRIMINAL SEXUAL ACTIVITY

The defendant is charged in Count Four of the Indictment with transporting a minor with intent that the minor engage in criminal sexual activity in violation of Section 2423(a) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transported Minor A.T. from San Luis Obispo County to Mexico;

Second, the defendant did so with the intent that Minor A.T. engage in sexual activity with the defendant;

Third, that if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of California;

In California, it is a criminal offense under California Penal Code Section 261.5(d) for a defendant who is at least 21 years of age at the time to have sexual intercourse with another person, to whom he or she is not married, who was under the age of 16 at the time of the intercourse;

In California, it is also a criminal offense under California Penal Code Section 288(c)(1) for a defendant to willfully touch any part of a child's body or cause a child to touch her own body with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of the defendant or the child if the child was 14 or 15 years old at the time of the act and the child was at least 10 years younger than the defendant; and

Fourth, Minor A.T. was under the age of eighteen years at the time.

23

1

2          A defendant transports a minor with the intent that such minor engage in sexual

3     intercourse if the intended sexual activity was a dominant, significant, or motivating

4     purpose of the transportation.

5          It is not a defense to the crime of transporting a minor for purposes of criminal

6     sexual activity that the defendant was ignorant of the child's age.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CLOSING JURY INSTRUCTION NO. 19

## SEXUAL EXPLOITATION OF CHILDREN—RECEIVING OR DISTRBUTING CHILD PORNOGRAPHY

The defendant is charged in Count Five of the indictment with distribution of child pornography in violation of Section 2252A(a)(2)(A) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly distributed an item of child pornography, as alleged in the indictment;

Second, the item of child pornography had been transported in or affecting interstate or foreign commerce by any means or facility of interstate commerce, including by computer; and

Third, when the defendant distributed the item, the defendant knew the item was child pornography.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

A "minor" is any person under the age of 18 years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

## CLOSING JURY INSTRUCTION NO. 20

## SEXUAL EXPLOITATION OF CHILDREN—TRANSPORTING OR SHIPPING OF CHILD PORNOGRAPHY

The defendant is charged in Count Six of the indictment with transporting child pornography in violation of Section 2252A(a)(1) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly transported by any means or facility of in or affecting interstate or foreign commerce, including by computer, an item or items of child pornography, as alleged in the indictment; and

Second, when the defendant transported the item, the defendant knew the items were child pornography.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

A "minor" is any person under the age of 18 years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

# CLOSING JURY INSTRUCTION NO. 21

## KNOWINGLY

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## CLOSING JURY INSTRUCTION NO. 22
## PROOF OF KNOWLEDGE OR INTENT

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because generally there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

1

2

3

## <u>CLOSING JURY INSTRUCTION NO. 23</u>

## MINOR VICTIM'S WILLINGNESS TO ENGAGE IN SEXUAL ACTIVITY

4

5

A minor's seeming willingness to engage in sexual activity is not a defense.
You can find the defendant guilty even if you find that the evidence suggests that the
minor willingly participated in the sexual activity. A minor victim cannot consent to
sexually explicit conduct.

A minor victim's willingness to engage in sexual activity is irrelevant.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLOSING JURY INSTRUCTION NO. 24
### DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without

conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

## CLOSING JURY INSTRUCTION NO. 25
## CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is

exposed to any outside information, please notify the court immediately.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLOSING JURY INSTRUCTION NO. 26

### USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

# CLOSING JURY INSTRUCTION NO. 27

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

# CLOSING JURY INSTRUCTION NO. 28

## VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the marshal that you are ready to return to the courtroom.

# CLOSING JURY INSTRUCTION NO. 29
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.