TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
KATHY YU (Cal. Bar No. 268210)
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorneys
     1200/1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2431/8536
     Facsimile: (213) 894-3713
     E-mail:    kathy.yu@usdoj.gov
                kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00340(B)-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION TO UNSEAL PROCEEDINGS AND TO CONTINUE SENTENCING DATE |
| v. | |
| DANIEL NAVARRO, aka "dn.2021.01," aka "dn84831," | Sentencing Hearing: March 13, 2026 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Kathy Yu and Kevin B. Reidy, hereby files its Ex Parte Application to Unseal Proceedings and to Continue Sentencing Date.

The government's request is based upon the attached declaration, the files and records in this case, and such further evidence and arguments as the Court may permit.

1

```
Dated: March 2, 2026          Respectfully submitted,

                              TODD BLANCHE
                              Deputy Attorney General

                              BILAL A. ESSAYLI
                              First Assistant United States
                              Attorney

                              ALEXANDER B. SCHWAB
                              Assistant United States Attorney
                              Acting Chief, Criminal Division


                               /s/
                              _____
                              KATHY YU
                              KEVIN B. REIDY
                              Assistant United States Attorneys

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA
```

2

**DECLARATION OF KATHY YU**

I, Kathy Yu, declare as follows:

1. I am an Assistant United States Attorney and a prosecutor in this action. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. After a four-day trial, on August 1, 2025, a jury convicted defendant Daniel Navarro of all six counts in the Second Superseding Indictment: two counts of sexual exploitation of a child to produce a sexually explicit visual depiction, one count of attempted enticement of a minor to engage in criminal sexual activity, one count of transporting a minor with intent to engage in criminal sexual activity, one count of distribution of child pornography, and one count of transportation of child pornography.

**Government's Request to Unseal Proceedings**

3. On February 24, 2026, defendant filed a Motion for New Trial ("Motion") based on an alleged violation of his constitutional right to self-representation. (Dkt. 238.) Among other things, the Motion was supported by a transcript of the July 29, 2025 proceedings (partially sealed), which defense counsel served on government counsel.

4. The government has reviewed the Motion. To ensure the record is complete as to defendant's representation issues and obstructionist tactics over a two-and-half-year period, the government seeks to unseal the following transcripts as to itself only (and not for public posting to the docket). For ease, the

government has included the date of the hearing and a general description of the proceedings based on the minute orders.

|    | Date of Hearing | Docket | Description |
|----|-----------------|--------|-------------|
| 1. | 1/13/2023 | 39 | Status conference where Federal Public Defender's Office was relieved and Erin Darling appointed |
| 2. | 2/3/2023 | 43 | Status conference re discovery and trial |
| 3. | 10/11/2023 | 87 | Status conference where Charles Brown was relieved and David Reed appointed |
| 4. | 4/2/2024 | 100 | Status conference where defendant was granted request to proceed pro se |
| 5. | 12/20/2024 | 150 | Status conference regarding case |
| 6. | 2/21/2025 | 163 | Status conference where Ed Robinson was appointed |
| 7. | 7/16/2025 | 192 | Pretrial conference |
| 8. | 7/29/2025 | 202 | Trial – Day 2[1] |

5.   There is good cause to believe that the sealed proceedings will bear on disputed issues of whether defendant could knowingly, intelligently, and voluntarily waive his right to counsel, as well as whether he appreciated the risks involved in self-representation including the nature of the charges, potential penalties, and procedural rules he would be expected to follow. United States v. Gerritsen, 571 F.3d 1001, 1006–09 (9th Cir. 2009) ("Our precedents thus apply the Supreme Court's instruction that our fundamental task is to determine whether a defendant who invokes his right under Faretta "knows what he is doing and his choice is made with eyes open."). The transcripts will also bear on the Court's familiarity with defendant's recurrent representation issues and inability to

---

[1] While defense counsel has already produced this transcript to government counsel, in an abundance of caution, the government seeks an order from the Court expressly unsealing the July 29, 2025 proceedings, nunc pro tunc.

4

work with appointed counsel. See United States v. Telles, 18 F.4th 290, 302 (9th Cir. 2021) (district court did not err in denying defendant's request to represent himself based on his pre-trial conduct, including "consistently requesting to substitute his counsel and refusing to work with appointed counsel").

6. Moreover, it is the government's position that defendant has implicitly waived any claims of privilege based on his agreement to file such a motion and in allowing defense counsel to serve government counsel with the July 29, 2025 proceedings.

7. On February 27, 2026, the parties met and conferred telephonically regarding this unsealing request. To balance any remaining defense privileges with the government's need to have a complete record to comprehensively oppose the Motion, the parties agreed on the following protocol:

   a. The above-identified transcripts will be produced to defense counsel in the first instance.
   b. Defense counsel will have 48 hours to lodge privilege or relevancy objections (if any) with the Court.
   c. The Court will review the transcript to rule on whether there are any applicable privileges or protections relating to the transcript – including holding a hearing if necessary.

**Government's Request to Continue Sentencing Hearing**

8. Given the delay in receiving the trial transcripts to date, the government anticipates that even if it orders these transcripts on a 14-day turnaround, the government will not have sufficient time to review and respond to the Motion before the current sentencing date of March 13, 2026. Therefore, it seeks a continuance of the sentencing date to May 13, 2026 at 9:00 A.M.

5

9. On February 27, 2026, the parties met and conferred telephonically regarding this request and agreed on the proposed date and time.

10. The government is in the process of contacting the victims. Consistent with the Crime Victims' Rights Act, the government will confer with the victims and report back to the Court regarding any objections to the proposed sentencing date.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on March 2, 2026.

/s/ Kathy Yu

KATHY YU