UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

HONORABLE ANDRE BIROTTE

UNITED STATES DISTRICT JUDGE PRESIDING

- - -

| | |
|---|---|
| United States of America, PLAINTIFF, | ) |
| VS. | ) NO. CR 22-00340 AB |
| Daniel Navarro, et al., DEFENDANT, | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

LOS ANGELES, CALIFORNIA

FRIDAY, FEBRUARY 3, 2023

KATIE E. THIBODEAUX, CSR 9858
U.S. Official Court Reporter
Suite 4311
350 West 1st Street
Los Angeles, CA 90012

APPEARANCES OF COUNSEL:

ON BEHALF OF THE PLAINTIFF, UNITED STATES OF AMERICA:

U.S. DEPARTMENT OF JUSTICE
U.S. ATTORNEY'S OFFICE
BY: KEVIN REEDY, AUSA
312 North Spring Street
Twelfth Floor
Los Angeles, CA 90012

ON BEHALF OF DEFENDANT LE:

LAW OFFICES OF ROBERT M. BERNSTEIN
BY: ROBERT M. BERNSTEIN
9465 Wilshire Boulevard
Suite 300
Beverly Hills, CA 90212

ON BEHALF OF DEFENDANT NAVARRO:

CHARLES C. BROWN
1 South Fair Oaks Avenue
Suite 204
Pasadena, CA 91105

LOS ANGELES, CALIFORNIA; FRIDAY, FEBRUARY 3, 2023

1:56 P.M.

- - - - -

THE CLERK: Calling criminal case No. 22-340, United States of America versus Navarro, et al.

Counsel, please state your appearances.

MR. REEDY: Good afternoon, your Honor. Kevin Reedy on behalf of the United States.

MR. BERNSTEIN: Good afternoon, your Honor. Robert Bernstein on behalf of Julie Le present and in custody.

MR. BROWN: Charles Brown on behalf of Mr. Navarro who is present in custody as well.

THE COURT: Good afternoon, Mr. Brown. Thank you for accepting the case. The reason why I had this put over to this date, I just wanted to make sure -- we have got a trial date of May 30th. I just wanted to make sure that the connection was made. So I guess I will just ask you, Mr. Brown. I don't want to get into the details, but have you had a chance to talk with your client? Have you had a chance to talk with the government? Are you getting the discovery? Just want to make sure we are all set.

MR. BROWN: Yes, Your Honor. I have spoken with

my client and government counsel. I received most of the -- all of the discovery from the government as far as I am aware, and I have received the file from the FPD as well, Your Honor.

THE COURT: Okay. And, then, I believe we have a trial date on May 30. Is that still a good date for you, Mr. Brown?

MR. BROWN: Your Honor, I would prefer that date. My understanding is that my client does not wish to waive additional time, Your Honor, and I don't know that he signed the last stipulation. So I just wanted to bring that to the court's attention.

THE COURT: All right. Excuse me. Mr. Bernstein, I believe when we talked you -- that was one of the requests that was made to have a trial date in May; is that correct?

MR. BERNSTEIN: That was correct, Your Honor. I have extensive trials both in March and April, and anticipating new defense counsel, I mean, the Instagram discovery is over 10,000 pages alone. So there was extensive discovery.

THE COURT: Right. And Mr. Navarro, I note you have some concerns about the trial.

I understand that. I respect that. Your lawyer has been given the case. The trial is going to be

on May 30 over your objection. You guys are tried together. I am not going to split the trial up. And it is an issue that if you wish you can take it up on appeal at a later time. But, given the fact that you just got new counsel, the reality of it is that as Mr. Bernstein indicated just one aspect of the case is worth 10,000 pages. No lawyer worth his or her salt is going to be able to get the trial done in the next two to three weeks.

Defendant and counsel confer.

MR. BROWN: Your Honor, for the record, Mr. Navarro does wish to assert his speedy trial rights. He is asking me to file a motion for severance, and he wishes to address some other concerns that from his standpoint are occurring at the Metropolitan Detention Center with respect to his safety, Your Honor.

THE COURT: So you will file a motion for severance in due course?

MR. BROWN: Yes, Your Honor.

THE COURT: So you will do that.

I mean, tell me what is going on, Mr. Navarro. I mean, what is happening?

THE DEFENDANT: Is there any way we could ask people to step out. It is just something that does concern my life and endanger to my life.

THE COURT: And who do you want to step out? Everyone?

THE DEFENDANT: It is just issues and concerns.

THE COURT: I get that. I am just trying to get you are saying everyone in the courtroom? Government counsel?

THE DEFENDANT: Yes. Yes, sir.

THE COURT: But your lawyer stays here.

I will make another accommodation for you sir. I am going to ask if everyone could please leave the courtroom, and I will ask the marshals can you take Ms. Le into the holding area for just maybe five, ten minutes, please. Thank you.

(From 2:00 to 2:06, the proceedings, pages 7 to 11, were conducted under seal.)

(The following proceedings were resumed in open court:)

THE COURT: All right. So we are back on the record, back in open court. So we have a trial date set in this matter. Unless there is anything further, I think we can conclude this hearing. Obviously, if there is any issues or motions that need to be filed, counsel, you know, all counsel know what they need do with respect to filing any motions.

Let me just confirm with the government, anything further at this time?

MR. REEDY: No, Your Honor. Thank you.

THE COURT: Mr. Brown, anything further at this time?

MR. BROWN: No, Your Honor. Thank you very much.

THE COURT: Mr. Bernstein?

MR. BERNSTEIN: Nothing further. Thank you.

THE COURT: Thank you all. Have a wonderful weekend. Stay safe.

(Proceedings concluded.)

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: March 25, 2026

/s/ Katie Thibodeaux, CSR No. 9858, RPR, CRR