TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
KATHY YU (Cal. Bar No. 268210)
KEVIN B. REIDY (Cal. Bar No. 320583)
Assistant United States Attorneys
      1200/1100 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2431/8536
      Facsimile: (213) 894-3713
      E-mail:    kathy.yu@usdoj.gov
                 kevin.reidy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-00340(B)-AB |
| Plaintiff, | GOVERNMENT'S STATUS REPORT REGARDING SEALED TRANSCRIPTS AND UNOPPOSED REQUEST FOR HEARING |
| v. | |
| DANIEL NAVARRO, aka "dn.2021.01," aka "dn84831," | Sentencing Hearing: May 13, 2026 |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, Assistant United States Attorneys Kathy Yu and Kevin B. Reidy, hereby files its Status Report Regarding Sealed Transcripts and Unopposed Request for Hearing.

The government's request is based upon this filing, the files and records in this case, and such further evidence and arguments as the Court may permit.

1

Dated: April 13, 2026               Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


 /s/
KATHY YU
KEVIN B. REIDY
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**DECLARATION OF KATHY YU**

I, Kathy Yu, declare as follows:

1.   I am an Assistant United States Attorney and a prosecutor in this action.  I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2.   After a four-day trial, on August 1, 2025, a jury convicted defendant Daniel Navarro of all six counts in the Second Superseding Indictment:  two counts of sexual exploitation of a child to produce a sexually explicit visual depiction, one count of attempted enticement of a minor to engage in criminal sexual activity, one count of transporting a minor with intent to engage in criminal sexual activity, one count of distribution of child pornography, and one count of transportation of child pornography.

**Background Regarding Motion for New Trial**

3.   On February 24, 2026, defendant filed a Motion for New Trial ("Motion") based on an alleged violation of his constitutional right to self-representation.  (Dkt. 238.)

4.   On March 2, 2026, the government filed its Ex Parte Application to Unseal Proceedings and to Continue the Sentencing Date, which the Court then granted.  (Dkt. 244, 245.)  In part, the government sought the continuance so it could obtain transcripts of various status conferences where defendant discussed, among other things, his issues with his different counsel of record.  Because some of the transcripts were sealed, the parties agreed on a protocol where the defense would have 48 hours to review any sealed transcript and to lodge any objections within that 48-hour period.

(Id.)  Next, the Court would then review the transcript to rule on whether there are any applicable privileges or protections relating to the transcript – including holding a hearing if necessary.

5.    The government's opposition is due May 1, 2026, and the defense can file an optional reply by May 8, 2026.

**Status of the Transcript Review and Need for Status Conference**

6.    The parties have met and conferred regarding the transcripts received to date and were able to reach agreement on two.  However, there are disputes regarding at least two transcripts, as set forth in the chart below, which require the Court's review and resolution.

|     | Date of Hearing | Description | Status |
| --- | --- | --- | --- |
| 1. | 2/3/2023 | Status conference re discovery and trial | Need to litigate |
| 2. | 10/11/2023 | Status conference where Charles Brown was relieved and David Reed appointed | Government received version redacted by defense counsel; need to litigate |
| 3. | 4/2/2024 | Status conference where defendant was granted request to proceed pro se | Still awaiting transcript |
| 4. | 12/20/2024 | Status conference regarding case | Need to litigate |
| 5. | 7/16/2026 | Pre-Trial Conference | Defense counsel still reviewing |

7.    Good cause exists to have a hearing in this case to resolve the remaining transcript issues sufficiently before the briefing deadlines.  Defense counsel does not object to the request.

**Government Position Regarding Sealed Portions**

8.    Because the government has not reviewed the sealed portions, it offers the following general proffer on the potential relevancy of those proceedings to the Motion.

4

9.   In his Motion, defendant argues that the court failed to make "findings . . . that [defendant] acted in bad faith, sought delay for strategic advantage, requested a continuance, or attempted to disrupt proceedings."  (Mot. at 8; Mot. at 11 ("Absent contemporaneous findings, that granting the request would have meaningfully disrupted the proceedings, denial based solely on the fact that trial was underway conflicts with Ninth Circuit precedent.").)

10.   In evaluating whether a district court properly denied a defendant's request to represent himself, the Ninth Circuit considers not only the timing of the request but also the district court's familiarity with the defendant and whether defendant truly appreciated the risks of self-representation.  United States v. Gerritsen, 571 F.3d 1001, 1006–09 (9th Cir. 2009) ("Our precedents thus apply the Supreme Court's instruction that our fundamental task is to determine whether a defendant who invokes his right under Faretta "knows what he is doing and his choice is made with eyes open."); United States v. Harris, 683 F.2d 322, 324 (9th Cir. 1982) ("Before waiving his right to counsel, the defendant must be aware of the nature of the charges and the possible penalties, as well as the dangers and disadvantages of self-representation in a complex area where experience and professional training are most helpful."). See United States v. Telles, 18 F.4th 290, 302 (9th Cir. 2021) (district court did not err in denying defendant's request to represent himself based on his pre-trial conduct, including "consistently requesting to substitute his counsel and refusing to work with appointed counsel").  Further, a trial court may refuse to

permit a criminal defendant to represent himself when he is "not able and willing to abide by rules of procedure and courtroom protocol." United States v. Lopez-Osuna, 232 F.3d 657, 665 (9th Cir. 2000), opinion amended on denial of reh'g, 242 F.3d 1191 (9th Cir. 2000).

11.    Based on the foregoing, comments by defendant regarding his counsel, his refusal to work with appointed counsel regarding trial strategies (such as those relating to his co-defendant), defendant's understanding (or lack thereof) of the nature of the charges and the possible penalties, and/or any exchanges showing his inability or unwillingness to abide by the rules of procedure and courtroom protocol are highly relevant.  Because the "focus should be on what the defendant understood, rather than on what the court said or understood," Gerritsen, 571 F.3d at 1008, the inquiry is not limited to defendant's representation issues.  Ninth Circuit caselaw is clear that, in this context, the inquiry is much broader.  As a result, the government needs to be able to review the sealed portions and marshal the facts therein to support the Court's mid-trial denial of defendant's request to represent himself – especially where defendant has attacked the Court's alleged lack of findings.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on April 13, 2026.

/s/ Kathy Yu
KATHY YU