MEGHAN BLANCO (238171)
LAW OFFICE OF MEGHAN BLANCO
28202 Cabot Road, Suite 300
Laguna Niguel, CA 92677
mblanco@meghanblanco.com
(949) 296-9869

Attorneys for Plaintiff
DANIEL NAVARRO

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-CR-340-AB |
| Plaintiff, | SENTENCING POSITION |
| v. | |
| DANIEL NAVARRO, | |
| Defendant. | |

Defendant Daniel Navarro, by and through counsel of record Meghan Blanco, hereby submits the instant sentencing position in support of his request for a sentence of 293 months' imprisonment.

Dated: May 8, 2026                    Respectfully submitted,


                                      /s/ M.A.B.
                                      MEGHAN A. BLANCO

                                      Attorney for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Daniel Navarro, by and through counsel of record Meghan Blanco, hereby submits the instant sentencing position and objections to the Presentence Investigation Report ("PSR"), including objections to the guideline calculations applicable to Count Group 1, Count Group 2, the obstruction enhancement, the multiple-count adjustment, and the Chapter Four enhancement, in support of his request for a sentence of 293 months' imprisonment.

## I.    INTRODUCTION

Mr. Navarro recognizes the seriousness of the allegations in this case and the emotional harm the girls involved reported experiencing. He does not minimize that harm. At the same time, Mr. Navarro continues to maintain his innocence and preserves the issues he raised at trial and in post-trial litigation.

The advisory guideline calculation in the PSR substantially overstates the seriousness of the conduct because it relies on overlapping and unsupported enhancements under U.S.S.G. section 2G2.2, an improper obstruction enhancement, and an incorrect grouping calculation. Once those enhancements are properly corrected, the advisory range drops dramatically from life imprisonment to a range that supports a sentence of 293 months as sufficient, but not greater than necessary, under 18 U.S.C. section 3553(a).

## II.    OBJECTIONS TO COUNT GROUP 2 GUIDELINE CALCULATIONS

A. Objection to Paragraphs 125-133 - U.S.S.G. Section 2G2.2(b)(2), (b)(3)(E), and (b)(4)

Defendant objects to the enhancements applied in paragraphs 125 through 133. *See* PSR  125-133.

The enhancement under section 2G2.2(b)(2) applies where the material involved a "prepubescent minor or a minor who had not attained the age of 12 years." The PSR broadly characterizes the material as depicting "prepubescent females," but provides insufficient reliable evidence establishing that fact for the images allegedly

2

distributed to A.T.

The government has clarified that the image referenced in PSR paragraph 132 –the image the probation department appears to principally rely upon to support the enhancement in paragraphs 125-126 – was an image found on a phone associated with Mr. Navarro while he traveled through various California counties.

Mr. Navarro acknowledges that the individual depicted in paragraph 132 appears younger than the individuals referenced elsewhere in the PSR and may appear prepubescent. But critically, there is no evidence that the image described in paragraph 132 was ever distributed by Mr. Navarro to anyone. Instead, the PSR establishes only that the image had previously been downloaded onto a mobile device associated with him and remained stored there while he traveled. *See* PSR  67-68, 132, 140.

The probation department's theory effectively converts passive possession of previously downloaded material into active transportation conduct merely because the device moved geographically with its owner.

In the modern era, however, individuals carry enormous quantities of electronically stored information on their phones at all times. Cellular phones now function as digital repositories containing years of static information in much the same way that offices, filing cabinets, photo albums, Rolodexes, and personal papers once did. The mere fact that a person physically carries a phone containing previously downloaded data while traveling should not automatically transform possession conduct into aggravated transportation conduct for sentencing purposes.

If adopted broadly, the probation department's theory would dramatically expand transportation-based sentencing enhancements far beyond what Congress or the Sentencing Commission likely contemplated when the transportation statutes were enacted. Nearly every person carrying a modern smartphone necessarily "transports" all stored data whenever they cross county or state lines. Treating passive storage on a mobile device as transportation in every circumstance risks collapsing the distinction between possession and transportation offenses entirely.

Here, the PSR does not allege that Mr. Navarro actively transmitted, resent, uploaded, or redistributed the image described in paragraph 132 while traveling. Nor does it establish that the image was acquired during travel as opposed to previously existing on the device. Instead, the enhancement rests on the mere fact that the phone containing the image moved with him geographically. *See* PSR  68.

The Court should decline to adopt an interpretation of the Guidelines that permits modern cellular phone storage technology – standing alone – to enhance a defendant's sentence beyond what the statutory scheme was intended to punish.

Paragraphs 127-129 - Distribution to Entice Enhancement

Defendant additionally objects to the seven-level enhancement under U.S.S.G. section 2G2.2(b)(3)(E). At most, the conduct described supports the five-level enhancement under subsection (D), not the seven-level enhancement under subsection (E).

Subsection (E) applies only where the distribution itself was intended to "persuade, induce, entice, coerce, or facilitate the travel of" a minor to engage in prohibited sexual conduct.

Here, the PSR itself establishes that discussions regarding meeting, intercourse, and "making a baby" long predated the alleged transmission of the images. *See* PSR 27-31. By the time of the alleged transmission, A.T. had already agreed to meet Mr. Navarro and had already been engaged in an ongoing romantic and sexualized relationship with him for months.

Thus, there is insufficient evidence that the alleged distribution itself persuaded or induced A.T. to travel or engage in sexual conduct.

Accordingly, if any enhancement applies under section 2G2.2(b)(3), it should be limited to the five-level enhancement under subsection (D).

Paragraphs 130-133 - Sadistic or Masochistic Material

Defendant objects to the four-level enhancement under section 2G2.2(b)(4).

Again, while the image described in paragraph 132 may depict a prepubescent

4

individual, there is no evidence that the image was distributed or actively transported.

Moreover, the enhancement improperly magnifies conduct already accounted for elsewhere in the guideline calculation by converting passive possession of previously downloaded material into transportation-related conduct based solely on the movement of a cellphone containing static digital information.

Accordingly, the enhancements in paragraphs 125 through 133 substantially overstate the seriousness of the conduct and should not apply as calculated in the PSR.

B. Objection to Paragraphs 134-136 - U.S.S.G. section 2G2.2(b)(5)

Defendant objects to the five-level enhancement under U.S.S.G. section 2G2.2(b)(5). *See* PSR  134-136.

The Application Notes expressly provide that "sexual abuse or exploitation" does not include "possession, accessing with intent to view, receipt, or trafficking in material relating to the sexual abuse or exploitation of a minor."

Counts 5 and 6 are trafficking and distribution offenses under 18 U.S.C. section 2252A. The conduct underlying those counts concerns, in part, alleged trafficking-related conduct expressly excluded from the Guideline definition relied upon by Probation.

Because the enhancement is predicated on conduct excluded by the commentary itself, the enhancement should not apply.

C. Objection to Paragraphs 139-140

Defendant objects to the application of this section for images he allegedly possessed, as referenced in paragraphs. *See* PSR ¶¶ 139–140.

The evidence may establish possession of images on electronic devices. However, the record does not establish distribution to third parties in the manner contemplated by the enhancement provisions relied upon in the PSR.

Nor does the record establish transportation in the manner contemplated by the statute and Guidelines. At most, the evidence demonstrated that previously downloaded images remained stored on a cellphone that traveled with Mr. Navarro. As stated above, the

probation department's theory effectively converts passive possession into active transportation merely because a modern cellphone containing static digital information moved geographically with its owner.

In the modern era, individuals routinely carry enormous quantities of electronically stored information on their phones at all times. Cellular phones function as repositories for years of saved photographs, messages, files, and data in much the same manner that filing cabinets, personal records, and offices once did. The mere act of traveling with a phone containing previously stored material should not automatically convert possession into transportation conduct for purposes of substantially increasing a defendant's sentence.

If adopted broadly, such a theory would erase any meaningful distinction between possession and transportation offenses in cases involving digital devices. Nearly every individual carrying a smartphone necessarily "transports" all stored data whenever they cross county or state lines. Nothing in the PSR establishes that Mr. Navarro actively transmitted, resent, uploaded, or redistributed the material while traveling, or that the material was acquired during the travel itself rather than simply remaining stored on the device.

Accordingly, the Court should decline to interpret the transportation provisions in a manner that allows passive storage on a cellphone to dramatically enhance a sentence beyond what Congress and the Sentencing Commission intended.

III.    OBJECTION TO OBSTRUCTION ENHANCEMENT

Defendant objects to the obstruction enhancement under U.S.S.G. section 3C1.1. *See* PSR  119-122 and 143-144.

The enhancement is predicated almost entirely on the fact that Mr. Navarro testified at trial and the jury ultimately rejected his testimony. But a defendant's exercise of his constitutional rights - including the right to testify and maintain innocence - cannot automatically become the basis for an obstruction enhancement merely because the jury returned guilty verdicts.

The PSR relies largely on the assertion that the jury "rejected" Mr. Navarro's testimony. *See* PSR  85-86, 121-122. But it remains unclear on what theory or theories the jury convicted. The verdict does not establish which portions of the testimony the jury disbelieved, whether the jury rejected all or only part of the defense theory, or whether the jury simply credited competing testimony and evidence differently.

Moreover, portions of Mr. Navarro's testimony concerned issues of intent, knowledge, account usage, and credibility – all issues that inherently involve competing factual interpretations rather than objectively provable falsehoods. The enhancement therefore risks punishing Mr. Navarro for exercising his constitutional right to testify and present a defense.

The record lacks sufficiently specific findings demonstrating that Mr. Navarro willfully provided materially false testimony as opposed to maintaining his innocence and presenting a defense theory that the jury ultimately rejected. Accordingly, the obstruction enhancement should not apply.

IV.    OBJECTION TO MULTIPLE COUNT ADJUSTMENT

Defendant objects to the multiple count adjustment calculation. *See* PSR 158-160.

The PSR assesses a three-level increase for grouping. However, under the grouping rules, the calculation should result in a two-level increase rather than three because the units do not properly round upward in the manner reflected in the PSR.

The PSR assigns:

- 1 unit to Count Group 1;
- 1 unit to Count Group 2; and
- 0.5 units to Count 2;

for a total of 2.5 units. *See* PSR  158.

Under section 3D1.4, 2.5 units results in a two-level increase, not a three-level increase. Accordingly, the multiple count adjustment should be reduced from +3 to +2.

V.    OBJECTION TO CHAPTER FOUR ENHANCEMENT

Defendant objects to the enhancement imposed under U.S.S.G. section 4B1.5(b). *See*

PSR  162-167.

Assuming the Court applies the foregoing section 2G2.2 enhancements, the additional five-level enhancement constitutes impermissible double counting.

The guideline calculation already substantially increases the offense level based on the exact same conduct: the alleged exploitation of minors, the nature of the images, and the trafficking-related conduct. Applying an additional enhancement based on materially identical conduct artificially inflates the offense level and overstates the seriousness of the offense.

VI. REVISED GUIDELINE CALCULATION

If the Court sustains the objections above:

- Reduction of section 2G2.2(b)(3)(E) from +7 to +5: -2
- Removal of section 2G2.2(b)(4): -4
- Removal of section 2G2.2(b)(5): -5
- Removal of obstruction enhancement: -2
- Reduction of grouping adjustment from +3 to +2: -1

These corrections reduce the offense level from 54 to 40 before accounting for the additional objection to paragraphs 162-167.

At offense level 40 and Criminal History Category I, the advisory guideline range becomes 292-365 months.

If the Court additionally sustains the objection to the Chapter Four enhancement, the offense level would decrease further.

VI.    A SENTENCE OF 293 MONTHS IS SUFFICIENT UNDER section 3553(a)

A sentence of 293 months is extraordinarily severe. It reflects the seriousness of the allegations, promotes respect for the law, provides just punishment, and protects the public.

At the same time, the Court must impose a sentence that is sufficient, but not greater than necessary.

The advisory guideline calculation here is driven largely by overlapping

enhancements under section 2G2.2 that produce inflated sentencing ranges untethered from individualized culpability.

Further, Mr. Navarro is now 41 years old. A 293-month sentence would keep him incarcerated into late middle age, well beyond the age range statistically associated with the highest risk of recidivism. Upon release, he will also face extraordinarily restrictive supervision conditions, including sex offender treatment, computer monitoring, and likely lifetime supervision.

While Mr. Navarro maintains his innocence and continues to preserve his appellate issues, he nevertheless recognizes that the girls involved reported significant emotional harm. Nothing in this memorandum should be read as minimizing that impact.

A sentence of 293 months appropriately balances the seriousness of the allegations with the Court's obligation to avoid imposing a sentence greater than necessary under ¬ß 3553(a).

Dated: May 8 2026                     Respectfully submitted,


                                       /s/ M.A.B.
                                      MEGHAN A. BLANCO
                                      Attorney for Defendant